# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:16-cv-00224-MR
## [CRIMINAL CASE NO. 1:08-cr-00082-MR-2]

| | | |
|---|---|---|
| LARRY MICHAEL COPELAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] and Petitioner's "Motion to Order the Government to File its Answer to the Motion to Vacate/Set Aside/Correct Sentence" [Doc. 5]. For the reasons that follow, the Court denies and dismisses the Motion to Vacate.

## PROCEDURAL HISTORY

In 2009, *pro se* Petitioner Larry Michael Copeland pleaded guilty in a consolidated proceeding of criminal actions 1:08-cr-00082 (W.D.N.C.), 1:09-cr-00055 (M.D.N.C.), and 1:09-cr-00058 (D.S.C.) to the following offenses: (1) bank robbery and aiding and abetting the same, in violation of 18 U.S.C.

§§ 2113(a) and 2 (Count One in 1:08-cr-00082); (2) possession of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three in 1:08-cr-00082); (3) bank robbery and aiding and abetting such, in violation of 18 U.S.C. §§ 2113(a) and 2 (Count One in 1:09-cr-00055); and (4) bank robbery, in violation of 18 U.S.C. § 2113(a) (Count One in 1:09-cr-00058). [Crim. Case No. 1:08-cr-00082-MR-2 ("CR"), Doc. 99: Judgment]. On July 8, 2010, this Court sentenced Petitioner to a term of 136 months on Count One in each of Nos. 1:08-cr-00082, 1:09-cr-00055 and 1:09-cr-00058, to be served concurrently; and to a term of 84 months on Count Three of Docket No. 1:08-cr-00082, to be served consecutively to the term imposed in Count One of Nos. 1:08-cr-00082, 1:09-cr-00055 and 1:09-cr-00058, for a total term of 220 months. [CR Doc. 99]. Petitioner did not appeal the Court's judgment.

Petitioner placed the instant motion to vacate in the prison system for mailing on June 21, 2016, and it was stamp-filed in this Court on June 27, 2016. [Doc. 1]. In his motion, Petitioner contends that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015). Specifically, Petitioner contends that his "conviction and resulting 84 month consecutive sentence for possession of a firearm in relation to a crime of violence . . . should be vacated in light of [the] rule announced in [Johnson] where the

definition of crime of violence contained in Section 924(c)(3)(B) is unconstitutionally vague in violation of due process." [Id. at 22].

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

As noted, Petitioner's sole claim is for relief under the Supreme Court's decision in Johnson. Specifically, Petitioner contends that his conviction and resulting 84-month sentence for possession of a firearm in relation to a crime of violence under 18 U.S.C. § 924(c) is unconstitutional in light of Johnson. For the following reasons, the Court finds that Petitioner is not entitled to relief under Johnson.

In 2015, the Supreme Court held in Johnson that the "residual clause" of the ACCA's definition of "violent felony," which defined that term as

including an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. The Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). Id. at 2563.

As a result of Johnson, a defendant who was sentenced to a statutory mandatory-minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. See United States v. Newbold, 791 F.3d 455, 460 (4th Cir. 2015) (holding that the improper imposition of an ACCA-enhanced sentence is an error that is cognizable in a motion to vacate filed under 28 U.S.C. § 2255). Where, however, the prior convictions upon which his enhanced sentence is based qualify as violent felonies under the "force clause" or qualify as one of the four enumerated offenses, no relief is warranted.

Here, Petitioner contends the predicate conviction of bank robbery, under 18 U.S.C. § 2113(a), that was relied upon to support his § 924(c) conviction is no longer considered a "crime of violence" after Johnson. Petitioner's argument, however, is foreclosed by the Fourth Circuit's decision in McNeal v. United States, 818 F.3d 141 (4th Cir. 2016), cert. denied, No. 16-5017, 2016 WL 3552855 (U.S. Oct. 3, 2016). In McNeal, the Fourth

Circuit held that armed bank robbery under 18 U.S.C. § 2113(a) is still a crime of violence under the ACCA's so-called "force" clause even after Johnson, because it "'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" 818 F.3d at 152 (quoting United States v. Adkins, 937 F.2d 947, 950 n.2 (4th Cir. 1991)) (quoting 18 U.S.C. § 924(c)(3)(A))). Thus, Petitioner's Motion to Vacate fails, as his armed bank robbery conviction under 18 U.S.C. § 2113(a) is a proper, predicate conviction that supports his § 924(c) conviction.

**CONCLUSION**

For the reasons stated herein, the Court denies and dismisses Petitioner's Motion to Vacate.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the

denial of a constitutional right. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

# O R D E R

**IT IS, THEREFORE, ORDERED** that:

(1)    Petitioner's Motion to Vacate [Doc. 1] is **DENIED AND DISMISSED WITH PREJUDICE**;

(2)    Petitioner's "Motion to Order the Government to File its Answer to the Motion to Vacate/Set Aside/Correct Sentence" [Doc. 5] is **DENIED AS MOOT**; and

(3)    The Court declines to issue a certificate of appealability.

**IT IS FURTHER ORDERED.**

Signed: October 7, 2016

Martin Reidinger
United States District Judge