IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:08-cr-00082-MR-2
CRIMINAL CASE NO. 1:09-cr-00055-MR-1
CRIMINAL CASE NO. 1:09-cr-00058-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LARRY MICHAEL COPELAND, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** comes before the Court on the Defendant's letter, which the Court construes as a motion challenging the calculation of his sentence in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). [Criminal Case No. 1:08-cr-00082-MR-2 ("CR"), Doc. 163; Criminal Case No. 1:09-cr-00055-MR-1, Doc. 39; Criminal Case No. 1:09-cr-00058-MR-1, Doc. 53].

In 2009, the Defendant pleaded guilty in a consolidated proceeding of criminal actions 1:08-cr-00082 (W.D.N.C.), 1:09-cr-00055 (M.D.N.C.), and 1:09-cr-00058 (D.S.C.) to the following offenses: (1) bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a) and 2 (Count One in 1:08-cr-00082); (2) possession of a firearm in relation to a crime of

violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three in 1:08-cr-00082); (3) bank robbery and aiding and abetting such, in violation of 18 U.S.C. §§ 2113(a) and 2 (Count One in 1:09-cr-00055); and (4) bank robbery, in violation of 18 U.S.C. § 2113(a) (Count One in 1:09-cr-00058). [CR Doc. 99: Judgment]. On July 8, 2010, this Court sentenced the Defendant to a term of 136 months on Count One in each of Nos. 1:08-cr-00082, 1:09-cr-00055 and 1:09-cr-00058, to be served concurrently; and to a term of 84 months on Count Three of Docket No. 1:08-cr-00082, to be served consecutively to the term imposed in Count One of Nos. 1:08-cr-00082, 1:09-cr-00055 and 1:09-cr-00058, for a total term of 220 months. [Id.]. The Defendant did not appeal the Court's judgment.

The Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255 on June 21, 2016, arguing that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015). [CR Doc. 142]. The Court denied the Defendant's motion to vacate on October 7, 2016. [CR Doc. 147]. The Fourth Circuit Court of Appeals dismissed his appeal for failure to prosecute on January 17, 2017. [CR Doc. 155].

The Defendant now returns to this Court, challenging the calculation of his sentence in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). [CR Doc. 163].

2

The Defendant is attacking the same criminal judgment that he challenged in his prior § 2255 motion. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (noting that "new legal arguments or proffers of additional evidence will usually signify that the prisoner is . . . continuing his collateral attack on his conviction or sentence"). The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain —

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). As noted, the Defendant previously filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was denied. The Defendant has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to proceed with a successive § 2255 motion. This Court is therefore without jurisdiction to consider a successive petition under § 2255. See In re Vial, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc).

For the foregoing reasons, the Defendant's motion is denied. Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion challenging the calculation of his sentence [Criminal Case No. 1:08-cr-00082-MR-2 ("CR"), Doc. 163; Criminal Case No. 1:09-cr-00055-MR-1, Doc. 39; Criminal Case No. 1:09-cr-00058-MR-1, Doc. 53] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 3, 2017

Martin Reidinger
United States District Judge